# **ESCROW AGREEMENT**

ESCROW AGREEMENT (The "Agreement") entered into this _10th_ day of September, 2015 among Larry Bailey and Theresa Bailey (herein "Sureties"), and Carmen M. Ortiz, in her official capacity as United States Attorney for the District of Massachusetts (herein "United States Attorney", and Robert M. Farrell, in his official capacity as Clerk of the United States District Court for the District of Massachusetts (herein "Escrow Agent"), on the other hand.

Whereas the Sureties are desirous of maintaining the release of LARRY BAILEY (herein "Defendant") in Criminal No. 2015-CR10147, on the terms and conditions of bail set forth in an Order Setting Conditions of Release (herein "Bail Order") dated September_____, 2015, and entered by the Honorable Marianne Bowler and had agreed to execute a personal bond (herein "Personal Bond") to secure the Defendant's compliance with the terms and condition of Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1. The Surety shall execute Quitclaim Deeds to each of the parcels of real property located at:

    a. 6 Briarcliff Terrace, Boston (Mattapan), MA 02126
    b. 242-244 Quincy Street, Dorchester, MA 02121
    ~~c. 314-310 Washington Street, Dorchester, MA 02121~~

in favor of the United States of America, and deliver said deeds to the Escrow Agent to be held in escrow pursuant to the terms of this Agreement.

2. The Sureties shall also execute, and cause to be recorded on the appropriate land records (Suffolk County Registry of Deeds), mortgages (the "Mortgages") to said parcels of real property (listed in paragraph #1, a-c) in favor of the United States of America.

3. The Surety further agrees to execute any and all additional documents and take any action necessary to effectuate the transfer of said parcels of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond.

4.      The Escrow Agent shall hold the quitclaim deeds in escrow under the following terms and conditions:

A.      In the event that the defendant fails to appear as required at all proceedings in Criminal No. 2015-CR10147, or otherwise violates any condition of bail, and defendant is declared to be in default by a judicial officer of the United States District Court for the District of Massachusetts, then, upon Order of the Court, and in lieu of or in addition to foreclosure proceedings on any mortgage granted by the Surety, the Escrow Agent shall tender the Quitclaim deeds to the United States Attorney, and she shall cause the same to be immediately recorded without notice to the Surety. Any requirements that foreclosure proceedings be commenced upon any mortgages granted by the Surety in connection with Criminal No. 2015-CR10147, is expressly waived by the Surety.

IN WITNESS THEREOF, the parties here have caused this Agreement to be executed as of the date first written above.

SURETIES:

_____             _____
Larry Bailey, Individually and as Trustee of the     Theresa Bailey
314-318 Washington Street Realty Trust

ESCROW AGENT:
ROBERT M. FARRELL
CLERK OF THE COURT


By: _____

NAME: Brenden Gervin

TITLE: Deputy Clerk

UNITED STATES ATTORNEY
CARMEN ORTIZ


By: _____
NAME: Emily Cummings

TITLE: AUSA

# QUITCLAIM DEED

We, Larry Bailey and Theresa Bailey, husband and wife, as tenants by the entirety, of 6 Briarcliff Terrace, Mattapan, Suffolk County, Massachusetts in consideration for the release on bond on the defendant, LARRY BAILEY, pursuant to the appearance bond in the criminal proceeding entitled United States of America v. Larry Bailey, Docket No. 2015-CR-10147, the receipt and sufficiency of which is hereby acknowledged, the Grantor hereby

Grant to: UNITED STATES OF AMERICA

with quitclaim covenants

A certain parcel of land with the buildings thereon now known as and numbered 6 Briarcliff Terrace, situated in that part of Boston, formerly Dorchester (Mattapan), being lot 96 on a plan by Edward N. Dube, dated June 10, 1953, duly recorded with Suffolk Deeds, bounded and described as follows:

> SOUTHEASTERLY: by Briarcliff Terrace, ninety-two and thirty hundreths (92.30) feet;
>
> NORTHEASTERLY: by Lot 97 on said plan, one hundred sixty-three and sixty-three hundreths (163.63) feet;
>
> WESTERLY: by Gladeside Avenue, one hundred seventy-eight and ninety-two hundreths (178.92) feet;
>
> SOUTHERLY: by a curved line forming the junction of said Gladeside Avenue and said Briarcliff Terrace, twenty-one and sixty-eight hundreths (21.68) feet.

Containing, according to said plan, nine thousand fourteen (9,014) square feet of land.

Being the same premises conveyed to us by Confirmatory Deed from Kai C. Lee and Choi H. Lee, dated February 29, 1984 and recorded on March 11, 1984 in Book 10799, Page 307 in the Suffolk County Registry of Deeds.

The herein named Grantors hereby release any and all rights of homestead in said premises and further certifies under pains and penalties of perjury that there are no other persons entitled to protection of the Homestead Act.

[Handwritten annotation in left margin: PROPERTY LOCATION: 6 BRIARCLIFF TERRACE, BOSTON, MA 02126]

Witness our hands and seals this __18__ day of September 2015

_Larry Bailey_ (signature)
Larry Bailey

_Theresa Bailey_ (signature)
Theresa Bailey

STATE OF RHODE ISLAND

_Providence_ COUNTY                                  SEPTEMBER __18__, 2015

Then did personally appear Larry Bailey and, before me, a Notary Public for the ~~Commonwealth of Massachusetts~~ _State of Rhode Island_, and after sufficiently proving his identity, acknowledged that he understood the document and signed it of his free act and deed.

_____
Notary Public
My Commission Expires: 10-25-2015

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                          SEPTEMBER __21__, 2015

Then personally appeared the above named Theresa Bailey and, after proving his identity with valid photo ID (#__S4287326__), acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Notary Public
My Commission Expires __10/8/15__

[Seal: PATRICK M. TROY, Notary Public, Commonwealth of Massachusetts, My Commission Expires October 8, 2015]

# QUITCLAIM DEED

I, Larry Bailey, of 6 Briarcliff Terrace, Boston (Mattapan), Suffolk County, MA 02126 in consideration for the release on bond on the defendant, LARRY BAILEY, pursuant to the appearance bond in the criminal proceeding entitled United States of America v. Larry Bailey, Docket No. 2015-CR-10147, the receipt and sufficiency of which is hereby acknowledged, the Grantor hereby

Grants to:    UNITED STATES OF AMERICA

with quitclaim covenants

The land in Dorchester, Suffolk County, Massachusetts, with the buildings thereon, , known as and numbered 242 Quincy Street, Dorchester, Massachusetts, being Assessors parcel No. 01192-000, and supposed to contain Three Thousand Four Hundred Fifty Five (3,455) square feet and being shown as Lots No. 3 and Lot No. 4 on a plan by Ernest W. Branch, (C.E., dated January 10, 1908, recorded with Suffolk County Registry of Deeds, Book 3261, Page 362.

Said land is situated in Ward 13, in the Dorchester-Ronan Park District as shown on the Boston Assessor's Plans of said City, filed in the Office of the Board of Assessors.

Being the same premises conveyed to the within Grantor by deed of Edwin Alicea of Dorchester, Massachusetts dated February 14, 1997 and recorded on February 21, 1997 in the Suffolk Registry of deeds Book 21216, Page 077.

Witness my hand and seal this ___18___ day of September 2015

_____Larry Bailey_____
Larry Bailey

STATE OF RHODE ISLAND

_Providence_ COUNTY                    SEPTEMBER _18_, 2015

Then did personally appear Larry Bailey and, before me, a Notary Public for the ~~Commonwealth of Massachusetts~~ State of R.I., and after sufficiently proving his identity, acknowledged that he understood the document and signed it of his free act and deed.

_____Pearl Statton_____
Notary Public
My Commission Expires: _10-25-2015_

[margin, handwritten: PROPERTY LOCATION: 242-244 QUINCY ST, BOSTON, MA 02121]

RECORD AND RETURN TO:
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210



2015 00084674
Bk: 55085 Pg: 37 Page: 1 of 4
Recorded: 09/21/2015 01:06 PM
ATTEST:Francis M. Roache, Register
Suffolk County Registry of Deeds

## MORTGAGE

THIS MORTGAGE (the "Mortgage") is made this __19th__ day of September, 2015, between Larry Bailey of 6 Briarcliff Terrace, Boston (Mattapan), Suffolk County Massachusetts 02126, and the Clerk, U.S. District Court (herein "Mortgagee") for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts.

WITNESSETH, for consideration paid and to secure a personal bond of even date for LARRY BAILEY (herein "Defendant"), in Criminal Case No. 2015-CR 10147), before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of THREE HUNDRED THIRTY EIGHT THOUSAND FOUR HUNDRED AND 00/100 ($338,400.00) DOLLARS executed by the Defendant, and the Mortgagors in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dates September ___, 2015, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the defendant and Mortgagors herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor, the United States Attorney for the District Massachusetts and the Mortgagee, the Mortgagors hereby mortgage, with power of sale, the following parcel of real property, as more fully described on Exhibit A attached hereto and made part hereof, with the following covenants thereon, situate, lying and being in the county of Suffolk, Commonwealth of Massachusetts, and more particularly described in the following deed:

> A deed from Edwin Alicea to Larry Bailey dated February 14, 1997, and recorded on February 21, 1997, in Suffolk County, Massachusetts Registry of Deed, in Book 21216, Page 077.

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereafter referred to as the Property (the "Property").

*[Handwritten margin note: PROPERTY LOCATION: 242-244 Quincy St., Dorchester, MA 02121]*

THE MORTGAGORS covenant with the Mortgagee as follows:

    1.    That the Mortgagors shall pay the indebtedness as hereinbefore provided.

    2.    That the Mortgagors will keep the Property insured against the loss by fire or hazard including within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagors will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor's default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the property.

    3.    That the Mortgagors shall keep the real Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on Property shall be removed or demolished without the consent of the Mortgagee.

    4.    That the Mortgagors will pay the taxed, assessments or water rates, and in default thereof, the Mortgagor may, but is not required to, pay the same,. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagors.

    5.    That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured in a non-interest bearing escrow agreement account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagors, or (B) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

    6.    That notice and demand or request may be made in writing and may be served in person or by mail.

7.   That the Mortgagors will warrant and defend the title to the Property against all claims and demands.

8.   That the Mortgagors will create no further encumbrances of any kind against the property that would leave the property with less than $338,400.00 (or 80%) in available equity. For the avoidance of doubt, the Mortgagors shall have the right, at any time and from time to time without the Mortgagee's consent, to encumber the property with any subsequent mortgage having a lien priority that is secondary o the lien of this mortgage.

9.   That the Mortgagors, in case of sale, shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagors to execute and constitutes the attorney irrevocable of the Mortgagors to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10.   That the holder of this Mortgage, in a action to foreclose it, shall be entitled to the appointment of a receiver.

11.   Notwithstanding any other agreement between the Mortgagors and the Mortgagee, or any provision of law, the Mortgage shall not be required to discharge this Mortgage except upon order of the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagors.

_____
Larry Bailey

STATE OF RHODE ISLAND

_Providence_ COUNTY                SEPTEMBER _18_, 2015

Then did personally appear Larry Bailey and, before me, a Notary Public for the ~~Commonwealth of Massachusetts~~ _State of Rhode Island_, and after sufficiently proving his identity, acknowledged that he understood the document and signed it of his free act and deed.

_____
Notary Public
My Commission Expires: _10-25-2015_

## **EXHIBIT A**

The land in Dorchester, Suffolk County, Massachusetts, with the buildings thereon, , known as and numbered 242 Quincy Street, Dorchester, Massachusetts, being Assessors parcel No. 01192-000, and supposed to contain Three Thousand Four Hundred Fifty Five (3,455) square feet and being shown as Lots No. 3 and Lot No. 4 on a plan by Ernest W. Branch, (C.E., dated January 10, 1908, recorded with Suffolk County Registry of Deeds, Book 3261, Page 362.

Said land is situated in Ward 13, in the Dorchester-Ronan Park District as shown on the Boston Assessor's Plans of said City, filed in the Office of the Board of Assessors.

THIS IS A TRUE COPY OF AN INSTRUMENT
RECORDED IN THE SUFFOLK COUNTY
REGISTRY OF DEEDS AT THE BOOK AND
PAGE ON THE FIRST PAGE HERE.

ATTEST: *[signature]*
FRANCIS M. ROACHE
REGISTER OF DEEDS

SEP 2 1 2015